## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE VI CARNIVAL COMMITTEE, INC., )<br>    Plaintiff,       )<br>               )<br>    v.            )<br>               )<br>VI DEP'T OF TOURISM, JOSEPH  )<br>BOSCHULTE, IAN TURNBULL, and  )<br>HALVOR HART,        )<br>    Defendants.      )  | Case No. 3:22-cv-0019 |

### ORDER

**BEFORE THE COURT** is Plaintiff The VI Carnival Committee, Inc.'s ("VICC") Motion for a Temporary Restraining Order or in the Alternative a Preliminary Injunction. (ECF No. 8.) For the reasons set forth herein, the Court will deny VICC's motion insofar as it requests a temporary restraining order ("TRO"), grant it to the extent that it seeks a hearing, and schedule this matter for a preliminary injunction hearing at 9:00 A.M. on April 7, 2022.

    A TRO "may be issued without notice where it is 'clearly show[n] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.'" *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (quoting Fed. R. Civ. P. 65(b)(1)(A)). "As the Supreme Court has observed, 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute.'" *Id.* (quoting *Granny Goose Foods Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 439 (1974)). "[U]nder federal law, [TROs] should be restricted to their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.*

    Here, VICC ostensibly seeks to enjoin defendants from using VICC's intellectual property in connection with Carnival-related cultural events. These events, however, are scheduled to commence on April 27, 2022. Thus, the Court finds that no "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Hope*, 956 F.3d at 160. Especially where VICC itself requests a hearing as its primary form of relief, and only requests a TRO if a hearing date prior to April 8, 2022

is not feasible.[1] Therefore, the Court will grant VICC's primary relief of a hearing in this matter and deny its motion as to the remainder.

Accordingly, it is hereby

**ORDERED** that insofar as Plaintiff VICC's motion seeks a hearing, its motion, ECF No. 8, is **GRANTED**; it is further

**ORDERED** that a preliminary injunction hearing is hereby **SCHEDULED** to commence promptly at 9:00 A.M. on April 7, 2022, in STT Courtroom 1 before Chief Judge Robert A. Molloy; it is further

**ORDERED** that to the extent Plaintiff VICC seeks a temporary restraining order, Plaintiff's motion, ECF No. 8, is **DENIED**; and it is further

**ORDERED** that the United States Marshal Service shall **SERVE** a copy of this Order on all Defendants.

**Dated:** April 1, 2022                                       */s/ Robert A. Molloy*
                                                               **ROBERT A. MOLLOY**
                                                               **Chief Judge**

---

[1] In the first paragraph of its motion, "[t]he Plaintiff requests that this Court enter an order setting a hearing on or before April 8, 2022. If a hearing on this date is not feasible, the Plaintiff asks that the Court issue a temporary restraining order. . . ." ECF No. 8, at 1. The Court will grant the primary relief requested.